# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10460
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONIDEZ VERGARA-TAPIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CR-45-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leonidez Vergara-Tapia (Tapia) pleaded guilty to illegal reentry following deportation. The district court sentenced Tapia above the advisory guidelines range to 48 months of imprisonment.

In his sole issue on appeal, Tapia challenges his above-guidelines sentence as substantively unreasonable. He argues that the district "court was wrong to treat the oldest offenses on equal footing with the newest [offenses]"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10460

and that his older offenses "have far less bearing" on his history and characteristics.

We review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-guidelines sentence is unreasonable if the district court (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) made a clear error of judgment in balancing the sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We must consider the substantive reasonableness of the sentence based on "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). "In making this determination, we must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012) (internal quotation marks and citation omitted).

Tapia's argument that the district court gave too much weight to his criminal history is unavailing. The record reflects that the district court gave Tapia's counsel, and Tapia himself, an opportunity to speak before the sentence was imposed. The district court noted that Tapia had "an extensive criminal history," including five DWI convictions, three prior convictions for immigration offenses, 11 "apprehensions by the Border Patrol," and two convictions for false or fraudulent documents, amounting to "a total of ten prior convictions, eight of which received zero criminal history points." Based on this information, the district court made an individualized assessment that a sentence within Tapia's 10-to-16 month guidelines range would not adequately address the § 3553(a) factors. *See United States v. Lopez-Velasquez*, 526 F.3d

No. 15-10460

804, 807 (5th Cir. 2008).  Tapia has not shown that the district court committed clear error in balancing the sentencing factors.  *See Smith*, 440 F.3d at 708.

Although Tapia complains that his 48-month sentence is "three-times the high end of the guideline range," we have affirmed similar or greater variances as substantively reasonable where the district court based its upward variance on permissible considerations.  *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *Brantley*, 537 F.3d at 348-50; *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005).  Here, the district court based its upward variance on factors found in § 3553(a).  Accordingly, the 48-month sentence, which was 32 months above the top of the guidelines range of 10 to 16 months of imprisonment, is substantively reasonable.  *See Smith*, 440 F.3d at 708, 710.

AFFIRMED.